LOMBARD, J.,
concurs in Result.
| /‘[PJlaying dice” is street jargon for “shooting craps,” a legal game in Louisiana casinos. The defendant lived 2.17 miles and a $1.25 streetcar ride away from Har-rah’s in New Orleans. Agent Giselson conceded that she did not ascertain whether the defendant’s gambling was legal or illegal in nature, stating that she needed to “review his parole conditions” but “believe[d] he is not supposed to be in any kind of bars or casinos engaging in certain behavior;” the State submitted no evidence of the defendant’s parole conditions to sustain or support Agent Giselson’s statement. In light of these facts, it is a close question as to whether reasonable suspicion existed to support the warrantless search of the defendant’s residence but, in accordance with our standard of review, I defer to the trial court’s judgment. See State v. Long, 03-2592, p. 5 (La.9/9/04), 884 So.2d 1176, 1179 (citations omitted) (trial courts are vested with great discretion when ruling on a motion to suppress).
However, to the extent that the majority opines that the cash on the defendant’s nightstand in conjunction with his explanation that he won the money “playing dice” equates to “immediately” incriminating evidence of illegal activity, therefore falling within the “plain 'view” exception to the warrant requirement and meeting the *1274 State’s burden to establish the existence of a reasonable suspicion [¡¡.necessary to justify a warrantless search, I disagree. Because such a proposition has precedential implications, .1 respectfully concur only in the results.